UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MARSHALL ALSBORG,<br>    Petitioner,<br>    v.<br>JAMES A. YATES, Warden, et al.<br>    Respondents. | NO. CV 07-5144-DSF (AGR)<br><br>ORDER TO SHOW CAUSE WHY THE STAY SHOULD NOT BE LIFTED |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before ***July 20, 2009***, why this Court should not lift the stay in this case because of Petitioner's lack of diligence in exhausting his claims in California.

**I.**

**SUMMARY OF PROCEEDINGS**

On August 8, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in which he raised three grounds: (1) insufficient evidence, (2) denial of right to effective assistance of counsel when the trial court refused to appoint experts to assist defense counsel with a new trial motion, and

///

(3) ineffective assistance of trial counsel in failing to consult with and present experts at trial. (Petition at 5-6.)

On September 6, 2007, Respondent moved to dismiss the petition because Ground Three was unexhausted. On October 10, 2007, Petitioner filed an opposition to the motion to dismiss, and a motion to stay the petition while Petitioner exhausted Ground Three (and Ground Four[1]). On November 9, 2007, Respondent filed an opposition to the motion to stay.

On October 19, 2007, Petitioner began exhausting Grounds Three and Four by filing a state habeas petition in Los Angeles County Superior Court.

On November 19, 2007, the Court granted the motion to stay and denied the motion to dismiss. (Dkt. No. 17.) The Court ordered Petitioner to file status reports every 60 days apprising the Court of his progress in exhausting the two grounds.

The latest status report ("Status Report") filed on June 14, 2009, summarizes the history and current status of Petitioner's exhaustion in California. (Dkt. No. 31.) On January 15, 2008, the Superior Court denied the habeas petition. (Status Report at 2.) On May 30, 2008, Petitioner filed a "similar petition" in the California Court of Appeal, which was denied on June 12, 2008. (*Id.*) To date, Petitioner has failed to file a habeas petition in the California Supreme Court.

## II.

## DISCUSSION

A petition with both exhausted and unexhausted claims is a "mixed" petition. Generally, "mixed" habeas petitions must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 518-20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). However, here, the Court concluded that a stay was appropriate pending exhaustion of Grounds

---

[1] On November 13, 2007, Petitioner filed a First Amended Petition adding the fourth ground, a *Brady* violation.

2

Three and Four. *Rhines v. Weber*, 544 U.S. 269, 275-77, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). It is "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Petitioner does not appear to be diligent in exhausting his claims. An entire year has elapsed since the Court of Appeal denied his state habeas petition, and Petitioner has still not filed a habeas petition in the California Supreme Court. Petitioner states that he has "gathered additional evidence that will be a part of the exhaustion petition." (Status Report at 2.) He also states, without citation to authority, that he "needs to obtain an additional expert declaration to ensure exhaustion under recent Ninth Circuit law interpreting AEDPA." (*Id.*) Petitioner's counsel also states that she was forced to move her home and home office beginning at the end of May 2009. (*Id.* at 2-3.) Finally, she states that she suffered a miscarriage at the end of April of this year, which resulted in medical complications that continued until mid-May. (*Id.* at 3.)

The Court notes that both the miscarriage and the forced move of her home and home office did not occur until April 2009 or later, more than ten months after the denial by the Court of Appeal. *See Evans v. Chavis*, 546 U.S. 189, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (an "unexplained" 6-month delay between the denial of a habeas petition by the California Court of Appeal and the filing of a habeas petition in the California Supreme Court is not "reasonable" and "unjustified"); *see also Rhines*, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back").

The Court's November 19, 2007, Order required Petitioner to "promptly and diligently pursue state habeas relief." It also expressly stated that he must file a petition at the next level "within a reasonable time" and cited *Chavis*. Finally, the

Court admonished Petitioner that failure to comply with the terms of the Order might result in the stay being lifted and "the Court's refusal to consider any request by Petitioner to include claims that may become exhausted at a future date."

### III.
### ORDER

IT IS THEREFORE ORDERED that, on or before **_July 20, 2009_**, Plaintiff shall show cause why this Court should not lift the stay in this case. Filing a status report on or before July 20, 2009, indicating that a habeas petition has been filed in the California Supreme Court shall be deemed compliance with this Order to Show Cause.

> ***Petitioner is cautioned that if he does not timely respond to this Order to Show Cause, the Court will lift the stay.***

DATED: June 17, 2009

_/s/ Alicia G. Rosenberg_
ALICIA G. ROSENBERG
United States Magistrate Judge