UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY MARSHALL ALSBORG,       )       NO. CV 07-5144-DSF (AGR)
                                )
              Petitioner,       )
                                )
       v.                       )
                                )       ORDER ACCEPTING FINDINGS
JAMES A. YATES, Warden, et al., )       AND RECOMMENDATION OF
                                )       UNITED STATES MAGISTRATE
              Respondents.      )       JUDGE
                                )
                                )

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the first amended

petition, records on file, and the Report and Recommendation of the United

States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of

those portions of the Report to which Petitioner has objected.  The Court accepts

the findings and recommendation of the Magistrate Judge.

        In Ground Two, Petitioner alleged that the trial court's denial of a request

for appointment of experts to assist newly appointed defense counsel McDonald

in a motion for a new trial violated Petitioner's due process rights pursuant to *Ake*

*v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985).  (Petition at 5

& attached page.)  According to Petitioner, DeBlanc, Petitioner's trial counsel,

had provided ineffective assistance by failing to consult with experts and to present expert testimony at trial. (*Id.*, attached page.)  In the motion for a new trial, McDonald argued he needed appointed experts to present the ineffective assistance claim. (*Id.*)

The Report, which deferred to the California Court of Appeal's decision pursuant to 28 U.S.C. § 2254(d)(1), found there was no clearly established Supreme Court law establishing a constitutional right to appointment of forensic experts. (Report at 23 (citing *Ake* and *Carey v. Musladin*, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006))); *see also Sanchez v. Hedgpeth*, 706 F. Supp. 2d 963, 988 (C.D. Cal. 2010) ("Petitioner's claim fails because the Supreme Court has not clearly established a constitutional right to the appointment of forensic experts.").  The Report also found that Petitioner had not shown that appointment of experts would have materially assisted him. (*Id.* ("When the defendant is able to make an *ex parte* threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent.")(quoting *Ake*, 470 U.S. at 82-83).)

Petitioner objects that the California court decision was both an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and an unreasonable determination of the facts pursuant to 28 U.S.C. 2254(d)(2).[1]  (Objections at 10.)

Petitioner argues that the California court's determination of the facts was unreasonable pursuant to § 2254(d)(2).  (Objections at 11.)  Specifically, Petitioner contends that the court's finding that "DeBlanc's strategic decision not to use Karpman or Sarkaria at trial was supported by 'good reasons'" was an "unreasonable finding."  (Objections at 11 (quoting state court opinion).)

_____

[1]  Petitioner's ineffective assistance claims are analyzed in Ground Three. (Report at 23-28.)

1   Petitioner argues that DeBlanc's decision was "a failure to investigate, specifically

2   in failing to follow through with the further consultation that was available to him

3   through court funding and Karpman himself, and further, he was urged by

4   Sarkaria to pursue." (*Id.*)

5   A state court conclusion that counsel was effective "is a mixed question of

6   law and fact." *Strickland*, 466 U.S. at 698. However, "state court findings of fact

7   made in the course of deciding an ineffectiveness claim are subject to the

8   deference requirement of § 2254(d)." *Id.* In other words, the state court's factual

9   findings here are entitled to a presumption of correctness. *See Lambert v.*

10  *Blodgett*, 393 F.3d 943, 977 (9th Cir. 2004).

11  The state court found that Sarkaria's opinion was flawed as he had

12  miscalculated the amount of alcohol in the victim's blood at the time of death.

13  (Lodged Document M1 at 19.) Karpman, in turn, had relied on Sarkaria's

14  miscalculation. (*Id.*) Parts of Karpman's report were speculative and

15  contradicted by the autopsy findings. (*Id.* at 19-20.) Karpman's theory did not

16  take into account the internal and external injuries found during the autopsy. (*Id.*

17  at 20.) Therefore, the court found that DeBlanc's decision not to use Karpman or

18  Sarkaria at trial was supported by "good reasons." (*Id.* at 21.) Through the

19  coroner, De Blanc raised the defense theory that the victim could have died

20  accidentally while having rough sex and that he could have died from trauma-

21  induced cardiac arrhythmia. (*Id.* at 20-21.) Thus, the court concluded the trial

22  judge could fairly assess defense counsel's performance without appointment of

23  medical experts. (*Id.* at 21-22 & n.18.) Petitioner has not shown deficiency or

24  prejudice. Petitioner's objection is overruled.

25  Petitioner's remaining objections are without merit.

26  ///

27  ///

28  ///

3

1        IT IS ORDERED that judgment be entered denying the petition and

2  dismissing this action with prejudice.

3

4        1/9/12

5  DATED: _____    _____

6                                 DALE S. FISCHER
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4